| | |
|---|---|
| GENERAL DRIVERS, WAREHOUSEMEN )<br>& HELPERS, LOCAL UNION NO. 89 ) | PLAINTIFF |
| V. | |
| IRVING MATERIALS INCORPORATED | DEFENDANT |

## MEMORANDUM OPINION AND ORDER

This case arises under the Labor-Management Relations Act (29 U.S.C. §§ 141 et seq.) (the "Act"). Plaintiff here is the General Drivers Warehousemen & Helpers Local Union No. 89 (the "Union"). The Union represents certain former employees of Irving Materials Incorporated (the "Company"). The employees had participated in a strike and the Company then replaced them. The Union filed a grievance on their behalf alleging a violation of the Collective Bargaining Agreement between the Union and the Company (the "Agreement"), specifically that the Company denied these employees pay after they were called to attend a safety meeting. The Company denied that grievance on the grounds that the Agreement does not require it to arbitrate complaints of former non-active employees.

The question at hand then concerns not whether these employees were actually called to a meeting and are entitled to compensation, which the parties dispute, but rather whether the Union is entitled to grieve any issue on behalf of these particular former employees. This is entirely a matter of interpreting the Agreement.

The Company need only arbitrate those matters that it has specifically agreed to do so in an agreement. The Company has cited a number of provisions within the Agreement which

strongly suggest that it applies only to "those employed by the Company." The Court agrees with the Company's view. Looking at the Agreement as a whole, the most reasonable interpretation is that the arbitration provisions exist for the benefit of current active employees only. Of course, the Agreement could contain an exception under which former employees or replaced strikers were permitted certain rights. However, the Union has not cited any such exception and the Court cannot find one.

The Union has cited several cases in support of its right to arbitrate for these former employees. However, neither of these cases is persuasive here as they involve either rehired employees or those specifically provided rights under a relevant new contract. Therefore, after having reviewed the matter carefully, the Court finds the Agreement's language and intent quite clear on this issue.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Union's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that the Company's motion for summary judgment is SUSTAINED and the Union's claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc:	Counsel of Record